UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOMINIC MAXWELL, | ) |
| Petitioner, | ) ) ) |
| vs. | )  Case No. 4:07CV1965 CEJ(LMB) |
| STEVE LARKINS, | ) ) ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the petition of Dominic Maxwell for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b).

Respondent has filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not be Granted. (Doc. No. 8). Petitioner has filed a Reply. (Doc. No. 12).

### Procedural History

Petitioner is presently incarcerated at Southeast Correctional Center in Charleston, Missouri, pursuant to the judgment and sentence of the Circuit Court of St. Louis County, Missouri. See Resp't Ex. B at 14-16. On January 27, 2004, petitioner was found guilty after a jury trial of first degree robbery, armed criminal action, and resisting arrest. See id. He was sentenced to twenty-five years on the first degree robbery count, fifteen years on the armed criminal action count, and seven years on the resisting arrest count. See id.

1

Petitioner raised four points on direct appeal of his convictions. See Resp't Ex. C. In his first point, petitioner argued that the ruling of the trial court was against the weight of the evidence because trial counsel failed to adequately investigate the case. See id. In his second point, petitioner claimed that the trial court erred in overruling his motion to suppress identification of the defendant. See id. In his third point, petitioner argued that the trial court erred in overruling petitioner's oral motion to suppress evidence. In his final point on appeal, petitioner claimed that the trial court erred in denying petitioner's motion for judgment of acquittal at the close of the State's case and petitioner's motion for judgment of acquittal at the close of the entire case. See id. On April 19, 2005, the Missouri Court of Appeals for the Eastern District affirmed petitioner's convictions. See Resp't Ex. F. The Missouri Supreme Court denied petitioner's motion to transfer on August 30, 2005. See Resp't Ex. G.

On December 28, 2006, the Circuit Court of St. Louis County denied petitioner's pro se post-conviction relief motion as untimely. See Pet's Ex. C.

Petitioner lists "May 2007" as the date he filed in the Circuit Court of St. Louis County a "Motion to Set Aside Dismissal Order Pursuant to Missouri Supreme Court Rule 74.06(B)(2)(4); in the Alternative, Motion to Re-Open Post-Conviction Case Because of Post-Conviction Counsel Abandonment." See Doc. No. 5, p. 4 at 11(b)(5). It was denied. Id. at 11(b)(7). Petitioner then filed in the Missouri Court of Appeals, Eastern District, an Application for Leave to Appeal Out of Time, which was denied on February 28, 2007. Id. at 11(c)(8).

On November 23, 2007, petitioner, pro se, filed a petition for a writ of habeas corpus. (Doc. No. 1). Petitioner filed an Amended Petition on February 25, 2008. (Doc. No. 5). In his

2

single ground for relief, petitioner states that he "strongly disputes" that his pro se Rule 29.15 motion was not timely filed.

On April 30, 2008, respondent filed a Response to Order to Show Cause, in which he argues that the petition is time-barred by the one-year statute of limitations. (Doc. No. 8). Respondent argues in the alternative that petitioner fails to state a cognizable claim. On August 4, 2008, petitioner filed a Reply, in which he provides further argument in support of his ground for relief. (Doc. No. 12).

**I.	Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed § 2254(d) in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of

law" or if "the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413, 120 S.Ct. 1523. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409, 120 S.Ct. 1521. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410, 120 S.Ct. 522.

## II. Petitioner's Claim

As previously stated, in his sole ground for relief, petitioner argues that his post-conviction relief motion was timely filed. Respondent contends that petitioner's claim is time-barred by the one-year statute of limitations. Respondent argues in the alternative that petitioner's claim is not cognizable.

The Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed a one-year period of limitation on federal petitions for habeas corpus. The governing provision provides: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). For purposes of the AEDPA, a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). See Smith v.

Bowersox, 159 F.3d 345, 347-48 (8th Cir. 1998). Additionally, §2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Further, "for purposes of § 2244(d)(2), 'an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.'" Marx v. Gammon, 234 F.3d 356, 357 (8th Cir. 2000) (quoting Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000)).

The Missouri Court of Appeals issued its decision affirming petitioner's convictions on April 19, 2005. See Resp't Ex. F. The Missouri Supreme Court denied petitioner's motion to transfer on August 30, 2005. See Resp't Ex. G. When a prisoner seeks review by the Missouri Supreme Court, the 90-day period for seeking certiorari tolls the statute of limitations. See Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002). As such, petitioner's conviction became final on November 28, 2005, ninety days after the Missouri Supreme Court denied petitioner's motion to transfer.

On December 28, 2006, the Circuit Court of St. Louis County denied petitioner's pro se post-conviction relief motion as untimely. See Pet's Ex. C. When a state court rejects a petitioner's post-conviction motion as untimely, it is not "properly filed" and the petitioner is not entitled to statutory tolling of the AEDPA's filing period. Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005). Petitioner is not entitled to tolling for the time during which his untimely post-conviction relief motion was pending. Petitioner's federal habeas petition was due on November 28, 2006, and his petition filed on November 23, 2007 was

5

untimely.

Although petitioner did not timely file his federal habeas petition within the one-year period set forth in 28 U.S.C. § 2244(d), his petition may be considered timely if he is entitled to equitable tolling of that one-year period. The United States Supreme Court recently held that "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). To be entitled to equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. at 418, 125 S.Ct. 1807).

In this case, petitioner does not expressly argue that equitable tolling should apply, although he contends that his post-conviction relief motion was timely filed. In the interests of judicial economy, the court will address the merits of petitioner's ground for relief rather than engage in a fact-finding hearing on the issue of timeliness or of whether petitioner diligently pursued his rights. See Shelton v. Purkett, 563 F.3d 404, 407 (8th Cir. 2009), cert. denied, 130 S.Ct. 739 (2009) (reaching merits of federal habeas petition rather than remanding for factual development of issue of whether petitioner was diligently pursuing his rights); Trussell v. Bowersox, 447 F.3d 588, 590 (8th Cir. 2006) (reaching merits of habeas petition rather than developing factual issue of timeliness, noting that statute of limitations is not a jurisdictional bar to review).

The undersigned finds that petitioner's sole ground for relief is not cognizable in a federal habeas action. In his only ground for relief, petitioner argues that his post-conviction relief

untimely.

Although petitioner did not timely file his federal habeas petition within the one-year period set forth in 28 U.S.C. § 2244(d), his petition may be considered timely if he is entitled to equitable tolling of that one-year period. The United States Supreme Court recently held that "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). To be entitled to equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. at 418, 125 S.Ct. 1807).

In this case, petitioner does not expressly argue that equitable tolling should apply, although he contends that his post-conviction relief motion was timely filed. In the interests of judicial economy, the court will address the merits of petitioner's ground for relief rather than engage in a fact-finding hearing on the issue of timeliness or of whether petitioner diligently pursued his rights. See Shelton v. Purkett, 563 F.3d 404, 407 (8th Cir. 2009), cert. denied, 130 S.Ct. 739 (2009) (reaching merits of federal habeas petition rather than remanding for factual development of issue of whether petitioner was diligently pursuing his rights); Trussell v. Bowersox, 447 F.3d 588, 590 (8th Cir. 2006) (reaching merits of habeas petition rather than developing factual issue of timeliness, noting that statute of limitations is not a jurisdictional bar to review).

The undersigned finds that petitioner's sole ground for relief is not cognizable in a federal habeas action. In his only ground for relief, petitioner argues that his post-conviction relief

motion was timely filed. Petitioner contends that he mailed his petition on November 22, 2005, fifteen days before the deadline, yet the St. Louis County Circuit Clerk's Office did not file the petition until January 12, 2006. Specifically, petitioner states that, when he was in administrative segregation, he prepared his pro se Rule 29.15 post-conviction motion, placed it in an envelope addressed to the Circuit Court of St. Louis County, Missouri, and gave it to a prison law clerk. Petitioner continues that under the direct supervision of a Correctional Officer, the law clerk placed the envelope in the prison mail box located in Housing Unit #2 on November 22, 2005. See Doc. 5 at 4. Petitioner was informed that his pro se motion was filed by the St. Louis County Circuit Clerk on January 12, 2006. Id. Missouri does not recognize the "mailbox rule." "Missouri appellate courts have consistently rejected arguments that a 'mailbox rule' should be applied to motions for post-conviction relief. State v. Collier, 918 S.W.2d 354, 356 (Mo. Ct. App. 1996); Goodson v. State, 978 S.W.2d 363, 365 (Mo. Ct. App. 1998); Day v. State, 864 S.W.2d 24, 25 (Mo. Ct. App. 1993) (concerning Rule 24.035); O'Rourke v. State, 782 S.W.2d 808, 809-10 (Mo. Ct. App. 1990) (concerning Rule 24.035)." Purdue v. State, 14 S.W.3d 255, 256-57 (Mo. Ct. App. 2000).

When "conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991); Middleton v. Roper, 455 F.3d 838, 852 (8th Cir. 2006). Therefore, "'[a] federal [habeas] court may not re-examine a state court's interpretation and application of state law.'" McDonald v. Bowersox, 101 F.3d 588, 592 (8th Cir. 1996) (quoting Schleeper, 36 F.3d at 737). See Estelle, 502 U.S. at 67-68, 112 S.Ct.

7

480 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Taylor v. Bowersox, 329 F.3d 963, 968 (8th Cir. 2003) ("A state's interpretation of its own law is virtually unreviewable by a federal court"). See also Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004) ("federal courts do not sit to correct a state court's application of its ordinarily adequate procedure rules").

Petitioner's only ground for relief challenges the state court's finding that his post-conviction relief motion was untimely filed. This is a challenge only to Missouri's application of its own rules. It is not cognizable in this proceeding.

As the Court of Appeals for the Eighth Circuit stated in Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994):

> Schleeper procedurally defaulted his claims when the Missouri Court of Appeals dismissed his Rule 29.15 appeal. *See id.* Because the Missouri Court of Appeals declined to address Schleeper's federal claims based on its interpretation and application of an independent and adequate state procedural rule, a federal court may review Schleeper's federal claims only if Schleeper can show cause and prejudice, or if he has evidence of his actual innocence and thus a miscarriage of justice will occur unless his claims are reviewed. *See Sawyer v. Whitley*, 505 U.S. 333, ---- - ----, 112 S.Ct. 2514, 2518-19, 120 L.Ed.2d 269 (1992).

Petitioner does not claim cause and prejudice specifically. He does argue that, when he was in administrative segregation, his pro se motion was deposited in the prison mailbox located in H. U. #2 on November 22, 2005, addressed to the Circuit Clerk of St. Louis County. However, the motion was not filed until January 12, 2006, when it was due by December 6, 2005. (Doc. No. 5, at 6-7, 10). As noted, the motion was denied on December 28, 2006, as untimely. Petitioner does argue that the late filing was "caused by something external to petitioner, a cause for which petitioner is not responsible." Id. at 7. Petitioner again runs into the procedural bar adopted by Missouri courts of appeals that they reject the "mailbox rule." "Filing of a document

8

occurs when it is deposited with the circuit clerk's office." Stidham v. State, 963 S.W.2d 351, 353 (Mo. Ct. App. 1998).

Petitioner does not claim prejudice or that he has evidence of his actual innocence.

"To establish prejudice sufficient to excuse a procedural default [petitioner] must show that 'the errors of which he complains "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."'" Carroll v. Schriro, 243 F.3d 1097, 1102 (8th Cir. 2001) citing Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999) (quoting United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584 (1982) (emphasis omitted); Luton v. Grandison, 44 F.3d 626, 628 (8th Cir. 1994). The Missouri Court of Appeals reviewed the briefs of the parties and the record of petitioner's direct appeal of his trial and conviction and found that the trial court's judgment was supported by sufficient evidence and no error of law appeared. Resp't Ex. F. In a nine-page memorandum, the Court of Appeals supplemented its order affirming the judgment of the Circuit Court of St. Louis County. Id.

The petitioner has not shown his entire trial was infected with error of constitutional dimensions. Carroll, 243 F.3d at 1102.

Petitioner does not meet the requirements necessary to merit review by the district court of his petition for writ of habeas corpus.

In connection with this claim, petitioner also argues that his post-conviction relief counsel was ineffective for failing to raise the issue of the timeliness of his pro se petition. This claim is also not cognizable in the court's habeas review. "[A]n infirmity in a state-post conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997). This rule is founded on the principle that there

9

is no constitutional right to a state post-conviction proceeding and irregularities which occur therein do not rise to the level of constitutional violations. See Pennsylvania v. Finley, 481 U.S. 551, 557, 106 S.Ct. 1990, 1994, 95 L.Ed.2d 539 (1987); Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991).

Accordingly, the undersigned recommends that petitioner's ground for relief be denied.

### III.     Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right.

This court cannot say that the issue of the timeliness of the petitioner's pro se state post-conviction relief motion is not debatable among reasonable jurists. The same is true for whether the "mailbox rule" should apply. See Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999) in which the District Court and the Court of Appeals appear to have applied the mailbox rule in their findings of "cause" to overcome procedural default resulting from the untimely filing of Ivy's motion for post-conviction relief. But see also Moore v. State, 2010 WL 1328144 (Mo. Ct. App. April 6, 2010); Morley v. State, 68 S.W.3d 443, 445 (Mo. Ct. App. 2001); Singleton v. Norris, 2005 WL 3783407 at *2 (W.D. Ark. Nov. 14, 2005); and Williams v. Bowersox, 2006 WL 2788518 at *2 (E.D. Mo. Sept. 26, 2006) in which the courts rejected the mailbox rule.

Accordingly, the undersigned recommends that a certificate of appealability be issued as to the timeliness of the filing of petitioner's pro se post-conviction relief motion and whether the mailbox rule should apply.

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the petition of Dominic Maxwell for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be issued as to the two issues noted above.

The parties are advised they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 (b) (1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this   24th   day of February, 2011.

/s/ Lewis M. Blanton
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE